IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. FRAZIER, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 08-401 |
| ) | Judge David S. Cercone |
| SECRETARY MICHAEL CHERTOFF, ) | Magistrate Judge Lisa Pupo Lenihan |
| U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY ) | |
|     Defendant. ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Defendant's Motion to Dismiss or In the Alternative to Transfer be granted in the form of transfer of this action to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1406(a), owing to improper venue.

**II. REPORT**

This case is a civil rights action for discrimination and retaliation under 42 U.S.C. § 2000e *et seq.* in connection with the *pro se* Plaintiff's removal from his employment with the United States Coast Guard in New Orleans, Louisiana. Plaintiff seeks review of the Merit

Systems Protection Board's (the "MSPB") affirmance of his discharge. It is recommended that the instant action be transferred.

**A. Statement of Facts**

Plaintiff is currently a resident of Allegheny County, Pennsylvania. From approximately 2002 through mid-2005, he worked as a civilian employee with the Department of Homeland Security, United States Coast Guard, in New Orleans, Louisiana. He alleges that his Executive Officer removed him from his position with the Coast Guard on May 24, 2005 following Plaintiff's arrest and pending criminal prosecution for firing a gun during a domestic altercation. Although Plaintiff was subsequently acquitted of second degree attempted murder charges on grounds of self defense (following a jury trial in March 2007), while he was incarcerated on those charges he was deemed absent without leaves ("AWOL") and discharged from employment. The MSPB Administrative Law Judge upheld Plaintiff's removal on September 25, 2007, and the EEOC upheld that ruling on February 22, 2008. See Copmplaint at ¶¶ 18-19. The Complaint was filed on March 20, 2008.

Defendant asserts that the action should be dismissed pursuant to Rule 12(b)(3) or, in the alternative, transferred to Louisiana. It asserts that venue is improper because the acts complained of by the Plaintiff occurred in Louisiana, Plaintiff was employed by the U.S. Coast Guard in Louisiana, and the related employment records are maintained in Louisiana.

**B. Motions to Dismiss or Transfer**

The Court considering a motion to dismiss for lack of proper venue under Rule 12(b)(3) "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). In addition, when the

plaintiff is proceeding *pro se*, the factual allegations should be held to less stringent standards. See, *e.g.*, Sparrow v. United Air Lines, Inc., 216 F.3d 1111 (D.C. Cir. 2000).

The statutory provisions governing transfer in the case of improper venue require that "[t]he District Court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

C. **Analysis**

Defendant correctly explains that Title VII provides the venue standards applicable to this case. See Brief in Support of Motion to Dismiss or In the Alternative to Transfer. The pertinent language of 42 U.S.C. § 2000e-5(f)(3) requires that the action

> may be brought (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but (4) if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

It is clear that this District is not the appropriate venue for Plaintiff's claims. Rather, as Defendant observes, venue is improper under each of Title VII's criteria. Plaintiff makes no allegation that any location other than New Orleans, Louisiana was the situs of any related employment, acts complained of, or employment records. Similarly, he makes no allegation that he would have worked in the Western District of Pennsylvania but for the unlawful employment practices alleged. Finally, resort to the final provision is unnecessary as the Defendant can be found in the Eastern District of Louisiana where this action could have been filed. See Kean v.

Stone, 926 F.2d 276 (3d Cir. 1991) (discussing plaintiff's appeal of MSPB's employment-termination decision to "the district that embraces the situs of plaintiff's federal employment").[1]

Having concluded that venue is not proper, the Court notes that the language of § 1406(a) directs, in the absence of proper venue, that the Court *shall* dismiss the case or, if it is in the interest of justice, transfer it to another district where it might have been brought. Given the procedural posture of this, this Report recommends transfer rather than dismissal. Dismissing the action and requiring the *pro se* Plaintiff to refile his Complaint would be unduly duplicative and costly. See generally Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962) (stating that "[n]ormally transfer will be in the interest of justice because [ ] dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating'").[2]

Finally, although Plaintiff has requested that the matter be transferred to the District of Columbia and "only as a last resort" to Louisiana, the Court concludes that - owing to the considerations reviewed above - the latter is the proper venue. See, *e.g.*, Archuleta v. Sullivan, 944 F.2d 900 (4th Cir. 1991) (noting prior transfer of case from District of Columbia to district in which alleged conduct occurred); Varma v. Gutierrez, 421 F.Supp.2d 110 (D.D.C. 2006)

---

1. The Court notes that, even under the general venue provisions of 28 U.S.C. § 1391(e), the Court would look to the district in which a "substantial part of the events or omissions giving rise to the claim occurred".

2. See, *e.g.*, Lawman Armor Corp. v. Simon, 319 F.Supp.2d 499, (E.D. Pa. 2004) (proper course was to transfer to federal district where jurisdiction existed and venue was proper). Cf. F/V Anna Maried, N.J. v. F/V Anna Marie, 2006 WL 995411, *3, n. 5 (D.N.J. April 11, 2006) (noting that, under § 1406(a), the court has "'broad discretion in deciding whether to order a transfer'") (quoting Decker v. Dyson, 2006 U.S.App. LEXIS 1272, *7 n.3 (3d Cir. Jan. 19, 2006) (quoting Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987)).

(granting defendant's motion to transfer from District of Columbia to Virginia, where unlawful practices allegedly occurred and records maintained).

III. **CONCLUSION**

It is accordingly respectfully recommended that the Defendant's Motion to Dismiss or In the Alternative to Transfer be granted as to a transfer of this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of Louisiana.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
United States Magistrate Judge

Dated: August 1, 2008